UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH DINGLER,

    *Petitioner*,

v.

JOHN G. ROBERTS, Chief Justice of the United States, *et al.*,

    *Respondents*.

Civil Action No. 18-527 (RDM)

## MEMORANDUM ORDER

Joseph Dingler, proceeding *pro se*, has filed a "Petition for a Writ of Habeas Corpus Ad Testificandum." *See* Dkt. 1. A writ of habeas corpus ad testificandum is "the common law writ for the production of witnesses who are confined in jail and who are thus beyond the reach of the ordinary subpoena." *Neufield v. United States*, 118 F.2d 375, 385 (D.C. Cir. 1941). Petitioner does seek the production of any witness. Instead, he claims that the Chief Justice of the United States and the Clerk of the U.S. Supreme Court "denied Petitioner [a]ccess to US jurisdiction," Dkt. 1 at 11; that their "restraints on liberty are severe," *id.* at 12; that there has been "judicial over-reach by unconstitutional legislation," *id.* at 13; that an "illiberal construction [has been] applied, [leaving] no access to justice," *id.* at 18; and that he has a "right of access under the petition clause," *id.* at 21. As Dingler's statement of facts explains, these claims all derive from the Supreme Court's denial of—or failure to accept—his petitions for writs of certiorari and mandamus. Dkt. 1 at 2–4. This Court has no jurisdiction to consider challenges to the Supreme Court's exercise of its discretionary jurisdiction, *see, e.g.*, *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (holding that a similar claim was barred for lack of

subject matter jurisdiction); *id.* ("We are aware of no authority for the proposition that a lower court may compel the Clerk of the Supreme Court to take any action."); *Po Kee Wong v. U.S. Sol. Gen.*, 839 F. Supp. 2d 130, 138 (D.D.C. 2012) ("Plaintiff has identified no jurisdictional basis under which this Court would have authority to review the Supreme Court's denial of certiorari; indeed, there is none."), or "to correct [any] irregularities of [the Clerk of the Supreme Court] and compel him to perform his duty," *In re Marin*, 956 F.2d at 340 (quoting *Griffin v. Thompson*, 43 U.S. (2 How.) 244, 257 (1844)); *Hirsch v. Harris*, No. 15-cv-488, 2015 WL 1540490, at *1 (D.D.C. April 16, 2015) (same).

The Court will, accordingly, **DISMISS** this case for lack of subject matter jurisdiction and will **DENY** Petitioner's motion for ECF password, Dkt. 2.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: March 28, 2018